1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

No. M 07-1827 SI
MDL. No. 1827

9 ————————————————————/

Case Nos. C 10-0117 SI; C 10-4572 SI; C 10-4945 SI; C 11-0058 SI; C 09-4997 SI; C 10-5452 SI

10 This Order Relates to:

11 *Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.,* C 10-0117 SI

12 *Best Buy Co., Inc. v. AU Optronics Corp., et al.,* C 10-4572 SI

13

14 *Target Corp. v. AU Optronics Corp., et al.,* C 10-4945 SI

15

16 *Costco Wholesale Corp. v. AU Optronics Corp., et al.,* C 11-0058 SI

17 *AT&T Mobility LLC v. AU Optronics Corp., et al.,* C 09-4997 SI

18

19 *Eastman Kodak Co. v. Epson Imaging Devices Corp., et al.,* C 10-5452 SI

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT FOR LACK OF ANTITRUST INJURY AND STANDING AS TO CLAIMS INVOLVING MOBILE PHONES AND DIGITAL STILL CAMERAS**

20 ————————————————————/

21        Currently before the Court is defendants' motion for summary judgment and partial summary

22 judgment on plaintiffs' claims involving mobile phones and digital still cameras.  Pursuant to Civil

23 Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument.  Having

24 considered the moving papers, and for good cause appearing, the Court hereby DENIES defendants'

25 motion.

26        Defendants contend that summary judgment should be granted on plaintiffs' claims for mobile

27 phone and digital still camera ("DSC") purchases on two grounds: lack of antitrust standing and lack

28 of antitrust injury.  Relying primarily on *Assoc. Gen. Contractors of Cal. v. Cal. State Council of*

United States District Court
For the Northern District of California

*Carpenters*, 459 U.S. 519 (1983) ("*AGC*"), defendants argue that plaintiffs did not participate in the markets in which defendants' alleged price-fixing conspiracy occurred, and because plaintiffs' alleged injuries are indirect and speculative, any apportionment of damages would be complex, and there is a risk of duplicative recovery.  On these grounds, defendants seek summary adjudication in their favor on all of plaintiffs' claims for mobile phone and DSC purchases under federal law and the antitrust laws of various states.[1]

In *AGC*, the Supreme Court articulated a number of factors that courts should consider when evaluating whether a plaintiff has antitrust standing.  459 U.S. at 536-39.  The Court identified the "nature" of the injury as the most important factor, specifically whether it is "of the type that Congress sought to redress in providing a private remedy for violations of the antitrust laws." *Id*. at 538 (quoting *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 482 (1982)).  The Court also instructed that courts should consider whether "a causal connection [exists] between an antitrust violation and the harm to the [plaintiff]," *id*. at 537; whether "the defendants intended to cause that harm," *id*.; whether the plaintiff was "a consumer [or] a competitor in the market in which trade was restrained," *id*. at 539; whether the interests of the plaintiff would be served by remedying the violation, *id*.; the directness or indirectness of the alleged injury, *id*. at 540; and whether "there are more immediate victims of the violation undetected or unremedied." *Id*.  In addition, the Court stated that courts should evaluate whether the plaintiff's damages are speculative and whether the plaintiff's claim would potentially lead to duplicative recovery or the complex apportionment of damages. *Id*. at 543 (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-38 (1977)).

The Court has twice before considered the main issues defendants raise in their motion.  In denying defendants' motion to dismiss in the IPP class case, the Court first advised that "it is inappropriate to broadly apply the *AGC* test to plaintiffs' claims under the repealer states' laws in the absence of a clear directive from those states' legislatures." *See* Order Granting In Part and Denying In Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 14 (Aug. 25, 2008).

---

[1]  Defendants seek summary judgment on plaintiffs' mobile phone and DSC claims under the laws of the following states:  Arizona, California, Illinois, Kansas, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Tennessee, Washington, and Wisconsin.

United States District Court
For the Northern District of California

1   "Nevertheless, the Court [found] that even if the *AGC* test did apply, [IPPs] in this case have alleged

2   facts showing that they have standing under that test, at least at the pleading stage." *Id.*

3        Sometime later, the Court considered defendants' renewed antitrust injury and antitrust standing

4   arguments in the context of summary judgment.  The Court denied defendants' summary judgment

5   motion, finding that "[t]he IPPs' factual submissions largely confirm the allegations the Court found

6   persuasive in its ruling on defendants' earlier motion to dismiss.  For example, IPPs have provided

7   evidence that TFT-LCD panels are discrete components of LCD products, that they have no independent

8   utility, and that almost no demand exists for them outside of the demand for LCD products." *See* Order

9   Denying Defendants' Joint Motion for Summary Judgment Against Indirect Purchaser Plaintiffs In 14

10  States, Master Docket No. 4301, at 2 (Dec. 7, 2011) ("IPP Summary Judgment Order"). The Court

11  explained that "the market for LCD products cannot be severed – as defendants argue – from the market

12  for LCD panels," and "given that [the] latter is almost entirely dependent upon the former, it is

13  appropriate to analyze them together." *Id.* at 1-2.  The Court concluded that the IPPs "have suffered 'the

14  type [of injury] that the antitrust statute was intended to forestall.'" *Id.* at 2 (citing *AGC*, 459 U.S. at

15  539).  With respect to the remaining *AGC* factors, the Court found the IPPs' "factual submissions [were]

16  also sufficient to establish that IPPs' injuries flowed directly from the price-fixing conspiracy." *Id.*  And

17  while the Court determined that "there is some risk of duplicative recovery and that damage

18  apportionment is likely to be complex," it found that the "nature of IPPs' injuries and the direct chain

19  of causation between their injuries and defendants' anticompetitive conduct place this case squarely

20  within the type of suit the antitrust laws were meant to address." *Id.*

21       The Court is unpersuaded by defendants' argument that the LCD products at issue in this case

22  and the IPP class case are distinguishable, such that a different outcome on summary judgment is

23  warranted.  As explained above, the Court has previously considered and rejected defendants' arguments

24  concerning antitrust injury and antitrust standing.  Plaintiffs here have provided evidence that they

25  suffered antitrust injuries and have antitrust standing under *AGC*.[2]  For example, plaintiffs have

26

27       [2]  Defendants raise for the first time in their Reply the argument that plaintiffs lack standing

28  under *In re ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012).  The Court will consider the merits
    of defendants' standing arguments under *In re ATM* and *Illinois Brick* (which the parties have fully

United States District Court
For the Northern District of California

1    presented evidence that the markets for LCD products, including mobiles phones and DSCs, and LCD

2    panels are inextricably linked; that LCD panels are discrete components of LCD products; that they have

3    no independent utility; and that almost no demand exists for them outside of the demand for LCD

4    products. *See, e.g.*, Expert Report of B. Douglas Bernheim at ¶¶ 23, 61, 161-179 (Figs. 26-29). As the

5    Court found in the IPP class case, it is appropriate to analyze the LCD product and panel markets

6    together. *Cf. Blue Shield v. McCready*, 457 U.S. 465, 480-81 (1982) (finding that plaintiff could bring

7    antitrust suit because she was "within that area of the economy . . . endangered by [that] breakdown of

8    competitive conditions" resulting from the defendants' anticompetitive behavior). The Court therefore

9    concludes that plaintiffs in this case have suffered the type of injury that the antitrust laws were meant

10   to prevent. *AGC*, 459 U.S. at 539; *see also Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051,

11   1054 (9th Cir. 1999) ("A plaintiff may only pursue an antitrust action if it can show antitrust injury,

12   which is to say injury of the type the antitrust laws were intended to prevent and that flows from that

13   which makes defendants' acts unlawful." (internal quotation marks omitted)).

14       The Court further finds that plaintiffs' factual submissions are sufficient to establish that

15   plaintiffs' injuries flowed directly from the price-fixing conspiracy, and are not too speculative. *Cf. id.*

16   at 540 (finding injury indirect because "the chain of causation between the [plaintiff's] injury and the

17   alleged restraint in the market . . . contains several somewhat vaguely defined links"); *see also See Am.*

18   *Ad Mgmt.*, 190 F.3d at 1059 ("Complex antitrust cases . . . invariably involve complicated questions of

19   causation and damages."). Finally, while the risk of duplicative recovery and the potential complexity

20   of damage apportionment is present, "the Court is satisfied that the nature of [plaintiffs'] injuries and

21   the direct chain of causation between their injuries and defendants' anticompetitive conduct place this

22   case squarely within the type of suit the antitrust laws were meant to address." *See* IPP Summary

23   Judgment Order at 2.

24       For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants'

25   motion for summary judgment and partial summary judgment on plaintiffs' claims involving mobile

26   ───────────────────────

27   briefed) at the hearing scheduled for November 2, 2012. *See* Scheduling Order, Master Docket No. 6726
     (Sept. 14, 2012) (setting hearing dates for motions for summary judgment, including Defendants'
     Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *In re ATM Fee* and

28   Toshiba Entities' Motion For Partial Summary Judgment Under *Illinois Brick* and *In re ATM Fee*).

phones and digital still cameras. Master Docket Nos. 6054 & 6145; Docket Nos. 276 & 291 in C 09-4997 SI; Docket No. 194 in C 10-0117 SI; Docket Nos. 175 & 188 in C 10-4572 SI; Docket Nos. 229 & 249 in C 10-4945 SI; Docket Nos. 66 & 72 in C 10-5452 SI; Docket Nos. 165 & 181 in C 11-0058 SI.

   **IT IS SO ORDERED.**

Dated: October 9, 2012

<u>                                        </u>
SUSAN ILLSTON
United States District Judge